# HOLWELL SHUSTER & GOLDBERG LLP

*425 Lexington Avenue*
*New York, New York 10017*
*Tel:  (646) 837-5151*
*Fax: (646) 837-5150*
*www.hsgllp.com*

*Scott M. Danner*
*646-837-8530*
*sdanner@hsgllp.com*

 **MEMO ENDORSED**

October 13, 2022

<u>**VIA ECF**</u>

Honorable Katherine Polk Failla
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re:  *Molecular Dynamics Ltd. et al. v. Spectrum Dynamics Medical Limited et al.*,
> 1:22-cv-5167

Dear Judge Failla:

We represent Petitioners Molecular Dynamics Ltd. ("MD"), SDBM Limited, and Chauncey Capital Corp. in the above-captioned proceeding, which seeks to vacate an arbitration award.  *See* Dkts. 27, 9, 41.  We write on behalf of Petitioners to respectfully request the Court's leave to conduct limited discovery in aid of Petitioners' motion to vacate, and to seek a hearing to resolve the disputed factual issues upon the conclusion of discovery.

Limited discovery in aid of a vacatur motion is warranted where the hitherto undisclosed information is "relevant and necessary to the determination of an issue raised by such an application." *Frere v. Orthofix, Inc.*, 2000 WL 1789641, at *4 (S.D.N.Y. Dec. 6, 2000); *see also Sanko Steamship Co. v. Cook Industries,* 495 F.2d 1260 (2d Cir. 1973) (reversing confirmation of arbitral award and ordering evidentiary hearing on partiality allegation); *Hoeft v. MVL Group, Inc.*, 343 F.3d 57, 66 (2d Cir. 2003) (approving district court's decision to permit deposition of arbitrator "regarding his alleged prejudgment of the dispute").  In defining the scope of discovery, "[t]he inquiry . . . is necessarily keyed to the specific issues raised by the party challenging the award and the degree to which those issues implicate factual questions that cannot be reliably resolved without some further disclosure." *Frere,* 2000 WL 1789641 at *5.

Discovery is warranted here.  *First*, Petitioners seek vacatur on the basis that fraudulent conduct by the Respondents materially affected the outcome of the arbitration.  *See* Opening Brief ("Open. Br."), Dkt. 9 at 23–26.  The evidence before the Court shows that Respondents' key witnesses committed perjury on material issues in the arbitration, and suppressed key evidence bearing directly on the question of whether Petitioner MD's alleged breaches in 2014 excused Respondents' further performance.  Certain documents provided to Petitioners by Michael Joos, a former high-level executive of Respondent Spectrum Dynamics Medical Limited ("SDML"), demonstrate that two of Respondents' key fact witnesses, Yoel Zilberstein, Nathaniel Roth, and one of their key experts, Prof. Denis Agostini, knowingly made material misstatements of fact to the Tribunal, as described in

1

Petitioners' opening brief; and further, that Respondents suppressed material evidence in violation of relevant procedural orders issued in the arbitration. *See id.* at 23–26 (detailing Respondents' fraudulent conduct). But the full extent of this fraudulent and perjurious conduct is unknown because the Tribunal refused to reopen proceedings to consider these crucial documents and permit further proceedings, and Respondents have endeavored to thwart Mr. Joos' participation in these proceedings by instituting criminal proceedings against him in Switzerland. As the documents supplied by Mr. Joos illustrate, Zilberstein, Roth, and Prof. Agostini were well aware that the VERITON camera developed by SDML was both a "whole body camera" and one capable of use in oncological applications, yet they testified to precisely the opposite before the Tribunal.

Moreover, Mr. Joos' witness statement submitted in support of Petitioners' May 5, 2022 application to reopen the arbitration proceedings describes the role he played in spending "significant time" with in-house counsel "reviewing ways that the JV was in breach," Dkt. 14, Ex. 27 ¶ 21, as a strategy by SDML to destroy MD's business, with the ultimate goal being to permit SDML to freely utilize MD's much more valuable "field of use restrictions"—*i.e.*, the intellectual property that MD was entitled to use under the parties' joint venture agreement. Roth, Zilberstein, and Prof. Agostini's false testimony, which concealed the fact that SDML had already identified the far greater value of MD's intellectual property vis-à-vis that of SDML and sought to monetize it notwithstanding the restrictions imposed by the joint venture agreement, is consistent with an overall scheme to utilize the arbitration as a pretext to obtain ratification of SDML's unlawful use of MD's IP.

Respondents deny the fraud, albeit in conclusory terms and without responding to the powerful evidence of fraud already in Petitioners' possession. Opposition ("Opp"), Dkt. 32 at 30–32. They promise in their opposition to "demonstrate[] below" that "Petitioners['] allegations of fraud and perjured testimony are baseless," *id.* at 33, then fail to deliver on that promise. Respondents also argue that the evidence of fraud was placed before the arbitral Tribunal, but that contention assumes that all evidence of fraud was available to Petitioners to place before the Tribunal, a position that Petitioners dispute. Rather, the existence of *some* perjured testimony and suppressed evidence raises the question of whether there was additional misconduct of which Petitioners are unaware. Because both the existence and extent of Respondents' fraudulent conduct is in dispute, limited discovery is warranted. The Court has an independent obligation under the FAA to consider these serious allegations, which are not simply a matter of whether the Tribunal found Petitioners' evidence of fraud and perjury "immaterial," *id.* at 31—an untenable finding that constitutes misconduct of the Tribunal in failing to reopen the evidence in the arbitration—but whether the integrity of the proceedings as a whole was compromised. Petitioners therefore respectfully request leave to serve limited discovery on Respondents and Mr. Joos to explore these issues. Such discovery is "relevant and necessary" to the resolution of any outstanding question as to whether the Award was procured by fraud. *Frere,* 2000 WL 1789641 at *4.

*Second,* the parties dispute whether Ms. Kirby's conduct as replacement chair was sufficient to cleanse the evident partiality of her predecessor, Prof. van den Berg. *Compare* Open Br. 26–31 *with* Opp. 27–28, 33–35. As noted in Petitioners' opening brief, Ms. Kirby was appointed by the Swiss Arbitration Centre after her predecessor abruptly resigned as chair in response to Petitioners' challenge to his impartiality in light of, *inter alia*, their discovery of the number of arbitrations in which he or his principal law partner had served as the party-selected arbitrator for the Government of China, the ultimate beneficial owner of Respondent SDML. Open. Br. 9–11. At the time of his sudden resignation, Prof. van den Berg had served as the chair for nearly three years of proceedings and had circulated a draft award. But rather than acknowledging the gravity of the situation and endeavoring to cleanse the proceedings of Prof. van den Berg's evident partiality, Ms. Kirby rushed the proceedings to

a close within months, ignoring serious fraud allegations, new contrary evidence on material issues, and established New York law.  *See id.* 28–37.  Most crucially, she refused to affirmatively acknowledge whether or not she had read or reviewed Prof. van den Berg's draft award, only ever stating that she "prefer[red]" not to receive the draft award, but once she considered herself "up to speed on the case," she made clear that "[m]y seeing the draft prepared by the former presiding arbitrator would be consistent with" the Swiss Rules, "from which I see no reason to deviate," *id.* at 30.

Respondents contend that Petitioners' assent to the appointment of a replacement chair or failure to object to Ms. Kirby's appointment constituted waiver of any argument that Ms. Kirby did not cleanse the Tribunal of the taint of Prof. van den Berg's partiality.  But that contention ignores the fact that Petitioners vociferously objected to Ms. Kirby's decision to steamroll the proceedings to their close; and Petitioners' final word on the matter—their May 5, 2022 application to reopen the proceedings and hear new testimony in light of the serious allegations and new evidence put forward by Mr. Joos—was met only with the issuance of the Award.  As stated in Petitioners' opening brief, as between the possibility that Ms. Kirby prepared "from scratch" a 125-page Award containing thousands of citations in a matter of weeks, after mastering a multi-year record in a matter of months, and the possibility that she relied heavily on the work of her evidently partial predecessor, the latter inference is by far the more plausible one.

Should the Court have any remaining doubt as to whether the arbitration was influenced by evident partiality, the clear evidence presented at least warrants limited discovery from Ms. Kirby concerning whether she took any steps to cleanse the arbitration of Prof. van den Berg's partiality and whether she used or issued all or part of his draft award.  See, e.g., *TCR Sports Broadcasting Holding, LLP v. WN Partner, LLC*, 2015 WL 6746689, at *4 (N.Y. Sup. Nov. 4, 2015) (finding that "limited discovery was appropriate because the question as to whether the process here was a neutral process, or if there were conflicts, who knew what and when, [was] central to the issues before the Court.").  Ms. Kirby, who upon information and belief is a U.S. national resident in Paris, should be subject to the subpoena power of this Court pursuant to 28 U.S.C. § 1783.

In accordance with the Court's Individual Practices, Petitioners have conferred with Respondents to see whether they would agree to the limited discovery requested herein.  Respondents have not agreed, and stated that they intend to oppose Petitioners' request.

Petitioners therefore respectfully request that the Court grant leave for Petitioners to conduct limited discovery in this matter.

Respectfully submitted,

/s/ *Scott M. Danner*
Scott M. Danner

cc:  Counsel of record (via ECF)

The Court is in receipt of Petitioners' motion for leave to conduct limited discovery regarding Petitioners' motion to vacate an arbitration award, and a hearing in connection with same, dated October 13, 2022 (Dkt. #46).  Respondents are hereby ordered to file a response by **October 20, 2022.**

Dated:     October 18, 2022
           New York, New York        SO ORDERED.


                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE