UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOLECULAR DYNAMICS LTD., SDBM
LIMITED, and CHAUNCEY CAPITAL CORP.,

                Petitioners,

                -v.-

SPECTRUM DYNAMICS MEDICAL LIMITED
and BIOSENSORS INTERNATIONAL GROUP
LTD.,

                Respondents.

22 Civ. 5167 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    The Court is in receipt of the parties' briefing regarding Petitioners' letter motion for limited discovery and oral argument, and Petitioners' subsequent letter motion for leave to file an additional letter in support of their initial motion. (*See* Dkt. #46-54). For the below reasons, the Court denies both motions.

    "It is well established that courts must grant an arbitration panel's decision great deference." *Duferco Int'l Steel Trading* v. *T. Klaveness Shipping A/S,* 333 F.3d 383, 388 (2d Cir. 2003). Discovery in a post-arbitration proceeding to vacate or confirm an arbitral award "is available only in limited circumstances, where relevant and necessary to the determination of an issue raised by such an application." *TransAtlantic Lines LLC* v. *Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc.,* 253 F. Supp. 3d 725, 734 (S.D.N.Y. 2017) (internal quotation marks and citations omitted). "The inquiry is an entirely practical one, and is necessarily keyed to the specific issues raised by

the party challenging the award and the degree to which those issues implicate factual questions that cannot be reliably resolved without some further disclosure." *Schwartz* v. *Merrill Lynch & Co.*, No. 09 Civ. 900 (WHP), 2009 WL 2496028, at *1 (S.D.N.Y. Aug. 5, 2009). Discovery is all the more limited where a petitioner attempts to initiate discovery against Arbitrator Jennifer Kirby herself (the "Arbitrator"). In such cases, as here, a petitioner must present "clear evidence of impropriety" for an arbitrator to be deposed regarding his or her decision. *Hoeft* v. *MVL Grp., Inc.*, 343 F.3d 57, 66 (2d Cir. 2003) (quoting *Andros Compania Maritima, S.A.* v. *Marc Rich & Co., A.G.*, 579 F.2d 691, 702 (2d Cir. 1978)), *abrogated on other grounds by Hall St. Assocs., L.L.C.* v. *Mattel, Inc.*, 552 U.S. 576 (2008). Furthermore, where a petitioner is "simply engaging in a fishing expedition in an attempt to determine if there is some basis, however farfetched, to prosecute a claim of bias[,]" a district court may properly deny such a request. *Lyeth* v. *Chrysler Corp.*, 929 F.2d 891, 899 (2d Cir. 1991) (internal quotations omitted) (upholding denial of discovery as to arbitrator where requesting party failed to show that arbitrator had any financial or personal stake in outcome).

Petitioners alleges that the Arbitrator "rushed the proceedings," "ignore[ed] serious fraud allegations, new contrary evidence on material issues, and established New York law," and never confirmed whether she looked at the draft award taken by the prior, potentially conflicted arbitrator's report. (Dkt. #46 at 3). Thus, Petitioners argue, "the full extent of th[e] fraudulent and perjurious conduct is unknown." (*Id.* at 2). These sparse allegations —

coupled with the fact that the Arbitrator issued a 124-page partial award in which she made clear that she had no interest in seeing the prior arbitrator's draft, that it was her practice to draft any awards the tribunal may issue herself, and that she intended to do so in this case — fails to suffice as "clear evidence of impropriety." *See Hoeft*, 343 F.3d at 66. Accordingly, since this request appears solely as a means of "prob[ing] the arbitrator's decisionmaking process," which is a "forbidden purpose" for discovery in this case, the petition is denied as to the request for limited discovery regarding the Arbitrator. *Id.* at 67 (quoting *Reichman* v. *Creative Real Estate Consultants, Inc.*, 476 F. Supp. 1276, 1286 (S.D.N.Y. 1979)).

As to the allegations of fraud that Petitioners seek to enter now, the Court denies this request as well. First, in the Partial Award, the Arbitrator made clear that she had considered all of the evidence Petitioners submit again here, and found it to be irrelevant to her determination given the timeline involved in the allegations to which Petitioners cited. Because discovery aimed at the relitigating of issues previously before an arbitral body is barred, the Court denies the request for limited discovery as to this issue. *See Glob. Gaming Philippines, LLC* v. *Razon*, No. 21 Civ. 2655 (LGS) (SN), 2021 WL 4219690, at *2 (S.D.N.Y. Sept. 16, 2021).

Finally, regarding Petitioners' letter motion filed on October 20, 2022, requesting leave to file additional evidence in support of its allegations of fraud (Dkt. #51), the Court finds that such documents would not alter its ruling, since they are of the same nature as those documents previously before (and

considered unnecessary to) the Arbitrator. Furthermore, the Court reminds Petitioners that a request for leave to file additional documentation is just that, a request. As such, a party requesting leave to file additional documentation should not attach the document it seeks to enter to that request and hope that the Court is swayed.

Given the Court's resolution of these issues, there is no need for oral argument on Petitioners' requests. The Clerk of Court is directed to terminate the pending motions at docket numbers 46 and 51.

SO ORDERED.

Dated: November 28, 2022
       New York, New York

*Katherine Polk Failla*
_____
KATHERINE POLK FAILLA
United States District Judge